## Collett, Appellant, v. Scott.

*Constitutional law—Bill of rights—Equal protection of the law—Employment certificates—Mines and mining—Minors—Act of May 2, 1905, P. L. 344.*

The provisions of the Act of May 2, 1905, P. L. 344, which classify minors to whom employment certificates may be issued, violate the first section of the fourteenth amendment of the federal constitution.

While every presumption possible in favor of the validity of the legislative classification is to be made, yet where it is apparent that it is not based on any reasonable ground, or any difference which bears a just and proper relation to the subject with reference to which the classification is attempted, but is a mere arbitrary selection, it will not relieve the statute from the equality clause of the fourteenth amendment.

Argued Jan. 10, 1906.   Appeal, No. 49, Jan. T., 1906, by plaintiff, from order of C. P. Luzerne Co., Oct. T., 1905, No. 833, sustaining demurrer to return to writ of alternative mandamus

in case of Joseph Collett, by his father and next friend, Robert Collett, v. E. H. Scott. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD, and BEAVER, JJ. Affirmed.

Demurrer to return to writ of alternative mandamus.

The opinion of the Superior Court states the case.

*Error assigned* was in refusing mandamus.

*Cormac Francis Bohan,* for appellant.—It is the prerogative of the legislature to prescribe regulations founded on nature, reason and experience in determining the kind of labor and the length of time it shall be permitted by either men, women or minors: Com. v. Beatty, 15 Pa. Superior Ct. 5 ; Barbier v. Connolly, 113 U. S. 27 (5 Sup. Ct. Repr. 357); Holden v. Hardy, 169 U. S. 366 (18 Sup. Ct. Repr. 383).

The act creates no improper classification : Atchison, etc., R. R. Co. v. Matthews, 174 U. S. 96 (19 Sup. Ct. Repr. 609) ; Erb v. Morasch, 177 U. S. 584 (20 Sup. Ct. Repr. 819) ; Clark v. Kansas City, 176 U. S. 114 (20 Sup. Ct. Repr. 284); Connolly v. Union Sewer Pipe Co., 184 U. S. 540 (22 Sup. Ct. Repr. 431) ; American Sugar Refining Co. v. Louisiana, 179 U. S. 89 (21 Sup. Ct. Repr. 43) ; Magoun v. Illinois Trust & Savings Bank, 170 U. S. 283 (18 Sup. Ct. Repr. 594).

*J. B. Woodward,* with him *James H. Torrey,* for appellee.— The act is unconstitutional : Ritchie v. People, 155 Ill. 98 (40 N. E. Repr. 454) ; Lawton v. Steele, 152 U. S. 133 (14 Sup. Ct. Repr. 499) ; Mugler v. Kansas, 123 U. S. 623 (8 Sup Ct. Repr. 273) ; Barbier v. Connolly, 113 U. S. 27 (5 Sup. Ct. Repr. 357) ; State v. Montgomery, 94 Maine, 192 (47 Atl. Repr. 165) ; Sayre Borough v. Phillips, 148 Pa. 482; Com. v. Snyder, 182 Pa. 630.

OPINION BY Rice, P. J., March 12, 1906 :

This is an appeal from judgment in favor of the defendant, a borough common school superintendent, on demurrer to his return to an alternative writ of mandamus, the object of which was to compel him to perform the duties prescribed by the Act

of May 2, 1905, P. L. 344, and to issue to the petitioner an employment certificate as provided by that act. In his return the defendant admitted the facts alleged in the petition, but claimed that he could not be required to perform the acts: First, because the provisions of the act relative to the issuance of employment certificates do not include minors over sixteen years of age; second, because, being a public officer within the protection of sec. 13, art. 3 of the constitution of Pennsylvania, the enforcement against him of the provisions of the act whereby extremely onerous duties are imposed upon common school superintendents, for the performance of which compensation is explicitly denied by the act, would be in contravention of that section of the constitution; third, because the provisions of the act referred to under the first head are in violation of the 1st sec. of the 14th amendment of the federal constitution. The court below decided against the defendant upon the first two propositions, and while his counsel do not in their printed brief expressly assent to these conclusions, they have presented to us no argument in opposition to them. Therefore, and also because we all are of opinion that the court was right in sustaining the third proposition, we do not feel called upon to discuss them with a view to determining whether or not the case can be decided upon them without consideration of the federal question. In saying this we are not to be understood as intimating a doubt as to the correctness of the conclusions of the court upon the first two questions.

Conceding, for the purposes of the case, all that the learned counsel for the appellant has so forcibly and ably argued in support of the claim that the legislature has power to prohibit the employment of minors under a certain age in or about anthracite coal mines, and the power to prescribe certain educational qualifications as a condition precedent to the right of minors who have reached the specified age to be so employed, without imposing the same restrictions upon minors before engaging in other employment, there remains the serious objection, which has not been satisfactorily answered, that the legislative provisions under consideration make a discrimination between minors of the same sex and age, the same mental and physical ability, the same experience in this avocation and the same educational qualifications, permitting members of one class to

obtain employment certificates, without which no minor can be employed at all, upon much easier terms than are required of members of the other class. The first class consists of those who are able to produce, in addition to the affidavit of parent, guardian or custodian, a certificate of registration of birth, baptism or circumcision as kept by any religious denomination, or a certificate of registration of birth as kept by any public authority, or, in the case of a foreign born child, a true copy of passenger manifest, passport or other official record on file in the office of the commissioner of immigration at the port of arrival. The second class consists of those who are unable to produce either of such certificates or copy of such official records. A member of the first class may obtain an employment certificate, if he can read at sight and write legibly simple sentences in the English language, while a member of the second class, although of the same age as the member of the first class, and perhaps older, not only (1) must be able to read at sight and write legibly simple sentences in the English language, but, in addition to the affidavit of parent, guardian or custodian, is required (2) to produce a statement of the principal teacher of the last school which he attended certifying that he has received instruction in reading, spelling, writing, English grammar and geography and is familiar with the fundamental operations of arithmetic, to and including fractions; and (3) to produce such evidence as will enable the common school superintendent to certify that he regularly attended the public schools, or schools equivalent thereto, during the year previous to applying for such school record, and for the period required by the compulsory attendance laws of this commonwealth. Proof that he is of the prescribed age, no matter how convincing, will not take the place of these additional prerequisites which a minor of the second class must show that he possesses in order to obtain an employment certificate. Doubtless the strict enforcement of these regulations applicable to this class would exclude from employment in or about the mines a very large proportion of minors of the second class under fourteen years of age, and thus tend to prevent imposition on the part of such as to their age; but it is equally apparent that it would make it impossible for great numbers of minors between fourteen and twenty-one years of age, who are able to read at sight and write

legibly simple sentences in the English language, and who can prove conclusively that they are of the required age, to obtain an employment certificate until they have undergone school training for a considerable period in other branches of education. To require this in order to put them on an equal footing, as to the right to labor in or about anthracite coal mines, with the minor who is able to produce a certificate of registration of birth, baptism or circumcision, or copy of an immigration record, is to deny them the equal protection of the laws. The 1st section of the 14th amendment does not prohibit classification of the subjects of legislation, and the application of different regulations to different classes. Nor are the courts warranted in declaring a classification made by the legislature to be in conflict with the section, merely because in their judgment it is unnecessary, unwise or inexpedient. But although it is primarily a legislative question, it is not beyond the jurisdiction of the courts to inquire, and determine, whether the attempted classification transgresses constitutional limitations of legislative power. " While good faith and a knowledge of existing conditions on the part of the legislature is to be presumed, yet to carry that presumption to the extent of always holding that there must be some undisclosed and unknown reason for subjecting certain individuals or corporations to hostile and discriminating legislation is to make the protecting clause of the fourteenth amendment a mere rope of sand, in no way restraining state action : " Justice BREWER in Gulf, Colorado & Santa Fe Ry. Co. v. Ellis, 165 U. S. 150 (17 Sup. Ct. Repr. 255). Arbitrary selection can never be justified by calling it classification. Even in the most extreme cases cited in the appellant's brief it is expressly or impliedly conceded that while every presumption possible in favor of the validity of the legislative classification is to be made, yet where it is apparent that it is not based on any reasonable ground, or any difference which bears a just and proper relation to the subject with reference to which the classification is attempted, but is a mere arbitrary selection, it will not relieve the statute from the equality clause of the 14th amendment. The learned judge below reached the conclusion that the provisions of the act under consideration are, for that reason, in conflict with that clause, but that sec. 1, which makes it unlawful to employ any minor

under sixteen years inside of any anthracite coal mine, or to employ any minor under fourteen years in any anthracite coal breaker or colliery, or around the outside workings of any anthracite coal mine, and sec. 2, which prescribes the remedy for violation of the provisions of sec. 1, are a valid and constitutional exercise of the police power, and are enforceable, notwithstanding the invalidity of the other provisions of the act relative to employment certificates. We concur in his conclusion and do not find that we can add anything further to what is clearly set forth in the opinion filed by him in support of it.

The judgment is affirmed.